IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE W. AVERY,

        Plaintiff,                    No. CIV S-06-0041 LKK GGH P

   vs.

LT. C. HEINTSCHEL, et al.,

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By a concurrently filed order, this court has found plaintiff's amended complaint, filed on June 2, 2006, appropriate for service upon several defendants. However, as to one defendant, an unnamed individual whom plaintiff describes as an "inmate confidential informant," plaintiff's claims are not colorable, even assuming plaintiff had actually identified the individual.

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

        Thus, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a

1

right secured by the Constitution and the laws of the United States, *and must show that the alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 225, 2254-55 (1988) [emphasis added]. An inmate is not a state actor within the meaning of the statute and thus cannot be named a defendant.[1]

Accordingly, IT IS HEREBY RECOMMENDED that the unnamed "inmate confidential informant" be dismissed as a defendant from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/7/06                    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
aver0041.fr

---

[1] It is possible that an informant may be so integrally connected to state officials, that his actions might be seen as actions of a "state actor." No such facts are evidence for this unknown person.