IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE W. AVERY,

        Plaintiff,                    No. CIV S-06-0041 LKK GGH P

    vs.

LT. C. HEINTSCHEL, et al.,

        Defendants.            ORDER

_____/

        Plaintiff has requested an extension of time to file an opposition to defendants' March 9, 2007, motion to dismiss because he is out to court without his legal property. Although plaintiff also seeks a stay of this matter while he is out to court and apparently would like the court to enjoin both CSP-Corcoran and CSP-Sacramento to provide him with his legal property, the court must construe the request, based on the information provided solely as a request for an extension of time.

        Plaintiff asserts that his address of record remains CSP-Corcoran even though he is temporarily incarcerated at CSP-Sacramento. Plaintiff does not set forth how long he will be in Sacramento. Nevertheless, he believes he will be denied adequate access to his legal property once he is returned to CSP-Corcoran. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's

Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

The court's review of defendants' pending motion indicates that defendants challenge his civil rights action primarily on the ground that it is Heck-barred[1] because plaintiff seeks money damages for a prison disciplinary action he challenges as based on false information which resulted in a loss of time-credits which rules violation finding has not been invalidated. Plaintiff should not need extensive access to his legal property to know whether or not he was assessed a 365-day loss of time credits for a rules violation he claims was falsely alleged or to determine whether or not he previously brought a petition for writ of habeas corpus that led to the finding of guilt being invalidated.

The court will construe plaintiff's request as one for an extension of time. Plaintiff must provide the court with more information as to when he expects to return to CSP-Corcoran and must also thereafter demonstrate that he is denied all access to his legal property upon his return in order to demonstrate any need for injunctive relief from this court.  As to any other case he has pending he may seek relief before the appropriate judge.

Accordingly,  IT IS HEREBY ORDERED that:

1. Plaintiff's April 2, 2007 request, construed solely as one for an extension of time, is granted;

2. Plaintiff is granted twenty days from the date of this order in which to file an opposition to defendants' March 9, 2007 motion to dismiss;

\\\\\

\\\\\

---

[1] See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)

1    3.  The Clerk of the Court is directed to serve this order on plaintiff's address of
2 record at CSP-Corcoran and to serve another copy upon the plaintiff at the address at CSP-
3 Sacramento that plaintiff includes on the first page of his request in docket entry no. 22.
4 DATED: 4/18/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/mp
aver0041.36