1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KYLE W. AVERY,

11             Plaintiff,              No. CIV S-06-0041 LKK GGH P

12         vs.

13   LT. C. HEINTSCHEL, et al.,

14             Defendants.             ORDER

15   _____/

16         By Order, filed on March 18, 2007, this court granted plaintiff an extension of

17   time to file an opposition to defendants' March 9, 2007, motion to dismiss because he was out to

18   court without his legal property.  Plaintiff, by filings dated May 8, 2007, May 31, 2007, and June

19   1, 2007, continues, however, to seek a stay of this matter while he is out to court and still asks

20   that this court enjoin both CSP-Corcoran and CSP-Sacramento to provide him with his legal

21   property.  He also claims to be denied access to the law library.

22         His earlier request for a form of injunctive relief was denied because, inter alia,

23   plaintiff did not set forth how long he would be in Sacramento, and his belief that he would be

24   denied adequate access to his legal property once he is returned to CSP-Corcoran appeared to be

25   speculative, which does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v.

26   Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739

1   F.2d 466, 472 (9th Cir. 1984).  Plaintiff was informed that a presently existing actual threat must

2   be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine

3   Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir.

4   1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

5           In the prior order, the court stated that its review of defendants' pending motion

6   indicated that defendants challenge his civil rights action primarily on the ground that it is Heck-

7   barred[1] because plaintiff seeks money damages for a prison disciplinary action he challenges as

8   based on false information which resulted in a loss of time-credits which rules violation finding

9   has not been invalidated.  The court also stated that plaintiff should not need extensive access to

10  his legal property to know whether or not he was assessed a 365-day loss of time credits for a

11  rules violation he claims was falsely alleged or to determine whether or not he previously brought

12  a petition for writ of habeas corpus that led to the finding of guilt being invalidated.

13          The court now takes judicial notice of plaintiff's original complaint,[2] which this

14  court dismissed, with leave to amend, precisely because plaintiff's claims appeared to be Heck-

15  barred, as plaintiff therein, inter alia, explicitly referenced having been assessed a 365-day

16  behavioral credit loss (see, Order, filed on May 5, 2006), a reference he abandoned in his first

17  amended complaint, as he concedes, on a belief that he would be able thereby to proceed on his

18  present claims.  Among plaintiff's present filings, plaintiff appears to be claiming that he was

19  impeded from seeking invalidation of the prison disciplinary at issue by way of a habeas petition

20  by unnamed prison officials.  Plaintiff's 5/8/05, notice, p. 4.  Plaintiff also claims that credit loss

21  is not an issue in his case because he has no behavioral credit as a three-striker sentenced for

22

23          [1] See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)

24          [2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
25  F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
    (1981).

26

1  robbery to a term of 35 years to life. Id., at 5.  Although the court could construe the notice filed

2  by plaintiff as his opposition, he claims that there is more that he could argue should he have

3  access to his legal property and to the law library.

4          In construing plaintiff's prior request as one for an extension of time, plaintiff was

5  told that he must provide the court with more information as to when he expects to return to

6  CSP-Corcoran and must also thereafter demonstrate that he is denied all access to his legal

7  property upon his return in order to show any need for injunctive relief from this court.  As to any

8  other case he had pending, plaintiff was informed that he might seek relief before the appropriate

9  judge.

10          In his 5/8/07 notice (pages 9-10), plaintiff indicates that he would be out to court

11  and housed at CSP-Sac, without access to his legal property or the law library, at least until after

12  5/25/07, and unhelpfully contends that this court's expectations are "unreasonable."  This court,

13  however, is unable to provide plaintiff assistance in obtaining access to his legal property and to

14  the law library, if plaintiff is unable to make clear where he is located and where his legal

15  property is maintained.   Various unauthenticated exhibits to his 5/8/07 notice are appended,

16  which plaintiff intends to demonstrate his efforts to obtain his legal property.   The grievances

17  plaintiff submits seek to implicate both CSP-Corcoran and CSP-Sac in the deprivation of his

18  legal property and access to the law library.

19          Plaintiff, as of May 31, 2007, has filed a notice of change of address to CSP-Sac.

20  On June 1, 2007, plaintiff states that he cannot anticipate the criminal court's schedule regarding

21  the proceedings he states he is currently involved in or the length of time such proceedings will

22  take.  As plaintiff is currently housed at CSP-Sac, where defendants in this action, Correctional

23  Lieutenants C. Heintschel and D. Padilla, and C/O J.S. Stewart, are employed, counsel for

24  defendants is now directed to show cause, within ten (10) days, for plaintiff's being denied all

25  access to his legal property and to the law library, if that is occurring.  To the extent that

26  defendants may no longer be employed at CSP-Sac, or are otherwise not able to provide a

1   response, then, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the court will direct the

2   warden of CSP-Sacramento, or his designee, to show cause, within ten days, for plaintiff's being

3   denied all access to his legal property and to the law library, if he is.

4           Usually persons or entities not parties to an action are not subject to orders for

5   injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

6   However, the fact one is not a party does not automatically preclude the court from acting.  The

7   All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in

8   aid of their jurisdictions and agreeable to the usages and principles of law."  See generally S.E.C.

9   v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York

10  Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act

11  in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and

12  preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289

13  (9th Cir. 1979).

14          The court is concerned that it may lose its jurisdiction if plaintiff is unable to

15  prosecute this action because he is not allowed access to his legal property or to the law library.

16          Accordingly,  IT IS HEREBY ORDERED that:

17          1.  Pursuant to plaintiff's filings of May 8, 2007, May 31, 2007 and June 1, 2007,

18  defendants are directed to show cause, within ten days, for plaintiff's being denied, if he is, all

19  access to his legal property and to the law library so that he may prepare his opposition to

20  defendants' pending motion to dismiss;

21          2.  In the alternative, pursuant to the All Writs Act, 28 U.S.C. § 1651, the warden

22  of CSP-Sacramento, or his designee, is directed to show cause, within 20 days, for plaintiff's

23  purportedly being denied all access to his legal property and to the law library, such that he is

24  unable to continue to prosecute this action.

25  \\\\\

26  \\\\\

1         3.  In addition to serving counsel for defendants electronically and plaintiff by

2 mail, the Clerk of the Court is also directed to serve this order by mail upon CSP-Sacramento

3 Warden James Walker, P. O. Box 290002, Represa, CA 95671-0002.

4 DATED: 7/2/07

                             /s/ Gregory G. Hollows

5

6                             GREGORY G. HOLLOWS
                             UNITED STATES MAGISTRATE JUDGE

7 GGH:009
   aver0041.osc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26