IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE W. AVERY,

        Plaintiff,                    No. CIV S-06-0041 LKK GGH P

    vs.

LT. C. HEINTSCHEL, et al.,

        Defendants.             ORDER

_____/

        By Order, filed on March 18, 2007, this court granted plaintiff an extension of time to file an opposition to defendants' March 9, 2007, motion to dismiss because he was out to court without his legal property. Plaintiff, by filings dated May 8, 2007, May 31, 2007, and June 1, 2007, continued, however, to seek a stay of this matter while he is out to court and still asked that this court enjoin both CSP-Corcoran and CSP-Sacramento to provide him with his legal property. He also claimed to be denied access to the law library.

        By Order, filed on July 2, 2007, the undersigned directed defendants to show cause, within ten days, for plaintiff's being denied, if that occurred, all access to his legal property and to the law library, such that he was unable to prepare his opposition to the pending

\\\\\

\\\\\

1

motion to dismiss.[1] Defendants Heintschel, Padilla and Steward filed a timely response on July 12, 2007.

The July 2, 2007, Order stated, in part, that plaintiff's:

> earlier request for a form of injunctive relief was denied because, inter alia, plaintiff did not set forth how long he would be in Sacramento, and his belief that he would be denied adequate access to his legal property once he is returned to CSP-Corcoran appeared to be speculative, which does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiff was informed that a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

In the prior order, the court stated that its review of defendants' pending motion indicated that defendants challenge his civil rights action primarily on the ground that it is Heck-barred[2] because plaintiff seeks money damages for a prison disciplinary action he challenges as based on false information which resulted in a loss of time-credits which rules violation finding has not been invalidated. The court also stated that plaintiff should not need extensive access to his legal property to know whether or not he was assessed a 365-day loss of time credits for a rules violation he claims was falsely alleged or to determine whether or not he previously brought a petition for writ of habeas corpus that led to the finding of guilt being invalidated.

The court now takes judicial notice of plaintiff's original complaint,[3] which this court dismissed, with leave to amend, precisely because plaintiff's claims appeared to be Heck-barred, as plaintiff therein, inter alia, explicitly referenced having been assessed a 365-day behavioral credit loss (see, Order, filed on May 5, 2006), a reference he abandoned in his first amended complaint,

---

[1] In the alternative, pursuant to the All Writs Act, 28 U.S.C. § 1651, the warden of CSP-Sacramento, or his designee, was directed to show cause, within 20 days, for plaintiff's purportedly being denied all access to his legal property and to the law library, such that he was unable to continue to prosecute this action.

[2] See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)

[3] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

as he concedes, on a belief that he would be able thereby to proceed on his present claims. Among plaintiff's present filings, plaintiff appears to be claiming that he was impeded from seeking invalidation of the prison disciplinary at issue by way of a habeas petition by unnamed prison officials. Plaintiff's 5/8/0[7],[4] notice, p. 4. Plaintiff also claims that credit loss is not an issue in his case because he has no behavioral credit as a three-striker sentenced for robbery to a term of 35 years to life. Id., at 5. Although the court could construe the notice filed by plaintiff as his opposition, he claims that there is more that he could argue should he have access to his legal property and to the law library.

In construing plaintiff's prior request as one for an extension of time, plaintiff was told that he must provide the court with more information as to when he expects to return to CSP-Corcoran and must also thereafter demonstrate that he is denied all access to his legal property upon his return in order to show any need for injunctive relief from this court. As to any other case he had pending, plaintiff was informed that he might seek relief before the appropriate judge.

In his 5/8/07 notice (pages 9-10), plaintiff indicates that he would be out to court and housed at CSP-Sac, without access to his legal property or the law library, at least until after 5/25/07, and unhelpfully contends that this court's expectations are "unreasonable." This court, however, is unable to provide plaintiff assistance in obtaining access to his legal property and to the law library, if plaintiff is unable to make clear where he is located and where his legal property is maintained. Various unauthenticated exhibits to his 5/8/07 notice are appended, which plaintiff intends to demonstrate his efforts to obtain his legal property. The grievances plaintiff submits seek to implicate both CSP-Corcoran and CSP-Sac in the deprivation of his legal property and access to the law library.

Plaintiff, as of May 31, 2007, has filed a notice of change of address to CSP-Sac. On June 1, 2007, plaintiff states that he cannot anticipate the criminal court's schedule regarding the proceedings he states he is currently involved in or the length of time such proceedings will take.

Order, filed on 7/2/07, pp. 1-3.

Defendants aver that plaintiff has had law library access since at least March 14, 2007, and that he received his stored legal property on July 11, 2007, after requesting it on July 5,

---

[4] The year was erroneously identified as 2005 in the earlier order.

3

2007. Opposition (Opp.), p. 2. Defendants also state that, far from being moved constantly between CSP-Corcoran (Cor) and CSP-Sacramento (Sac), that plaintiff has been housed at CSP-Sac since this case's inception in January, 2006, except for a short period between February 8, 2007, and March 14, 2007, when he was housed at CSP-Cor. Opp., p. 3; Declaration of L. Young, Litigation Coordinator, CSP-Sac, ¶¶ 4, 7, 8. Moreover, plaintiff has had Priority Legal User (PLU) status for access to library services since at least October of 2006. Opp., p. 3; Young Dec., ¶ 3 & Exhibit (Exh.) 2. PLU status, according to defendants, permits an inmate law library access once a week for two hours a day, when an inmate requests it. Opp., p. 3, Young Dec., ¶ 3. (PLU status appears to translate simply to entitling an inmate to two hours of library access per week).

Further, defendants aver that Legal Correctional Officer (C/O) Morrow issued plaintiff three full boxes of stored legal property on January 10, 2007, after which plaintiff immediately complained of specific missing documents. Opp., p. 3, Declaration of CSP-Sac A-Facility Legal Correctional Officer R. Morrow, ¶ 4. When C/O Morrow told plaintiff to look through the thousands of pages of documents before alleging that some were missing, plaintiff responded: "Fuck this shit, take all this property back, I want my address book"; Morrow made an informational report of the incident. Morrow Dec., ¶ 4, Exh. 1.

Defendants state that plaintiff was transferred from CSP-Sac to CSP-Cor on February 8, 2007, but returned to CSP-Sac on March 14, 2007, where plaintiff was to stay until at least August 15, 2007, due to pending court dates. Opp., p. 3; Young Dec., ¶¶ 8-16. At CSP-Sac, plaintiff has moved between administrative segregation in A-Facility and in B-Facility, and has gone out to court and returned to CSP-Sac on the same day. Opp., pp. 3-4, Young Dec., ¶¶ 8, 10-11, 13-15. Also, plaintiff has attended medical appointments at medical facilities outside of CSP-Sac and returned the same day but, defendants reiterate, he has been housed only at CSP-Sac since March 14, 2007 (at least at the time of defendants' filing). Opp., p. 4, Young Dec., ¶¶ 8-15.

1       Moreover, defendants maintain, plaintiff did not request his legal property while
2 at CSP-Sac, since January 11, 2007; after this court's July 2, 2007, Order, C/O Roblez, on July 6,
3 2007, initiated contact with plaintiff and had him fill out the required forms for his legal
4 property, whereupon his stored legal property was issued to him on July 11, 2007.  Opp., pp. 4-5,
5 Declaration of CSP-Sac B-Facility Legal Correctional Counselor E. Roblez, ¶ 5, Declaration of
6 Correctional Officer Shane M. Simons, ¶ 2.  Defendants list the following days as times when
7 plaintiff, who has PLU status, has accessed the law library: January 18, 2007; January 30, 2007;
8 March 21, 2007; March 28, 2007, April 11, 2007; April 25, 2007; May 1, 2007; May 8, 2007;
9 May 16, 2007; May 23, 2007; May 30, 2007; June 13, 2007; June 20, 2007; June 27, 2007.
10 Opp., p. 4, Morrow Dec., ¶ 5, Exh. 2, Roblez, ¶ 4, Exh. 1.

11       Defendants further state that while plaintiff has represented to the court that he
12 was not allowed to use the library at CSP-Cor, he has been at CSP-Sac for all but 35 days since
13 this action was initiated and has visited the law library no less than 14 times since January 18,
14 2007.  Opp., p. 5, Morrow Dec., ¶ 6, Roblez Dec., p. 6.

15       The court finds that defendants have made a sufficient showing that plaintiff has
16 access both to the law library and his legal property adequate to compose an opposition to the
17 pending motion to dismiss.  The court will construe plaintiff's filings seeking a stay due to a
18 putative lack of access to his legal property and to the law library as a motion for a protective
19 order.  Local Rule 72-302 of the Eastern District of California permits magistrate judges to
20 handle all aspects of a prisoner's case short of jury trial.  It has also been interpreted as
21 authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or
22 motions not involving injunctive relief.  See also United States v. Raddatz, 447 U.S. 667, 673,
23 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive"
24 motions).

25       Therefore, the fact that parties are directed in their activities by a magistrate judge
26 cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by

§ 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

In the instant case, plaintiff's requests do not go to the merits of plaintiff's action. Accordingly, this matter may be handled by court order. The temporary disruption to plaintiff's law library and legal property access at CSP-Sac that evidently occurred during a 35-day window of time between February 8, 2007, and March 14, 2007, while he was transferred to CSP-Cor, simply does not justify plaintiff's continued claims regarding his difficulties in submitting an opposition to the March 9, 2007, motion to dismiss, particularly in light of the court's prior granting of an extension of time to do so. See Order, filed on 4/18/07. It appears that plaintiff has either previously had, could have had by way of pursuing the appropriate procedure, or ultimately been granted the relief he sought in this court by having had CSP-Sac PLU law library status since October, 2006, and by having been provided access to his legal property.[5] Under these circumstances, plaintiff's requests have essentially been rendered moot and will be denied. Plaintiff will be granted one further twenty day-extension of time from the filing of this order to provide his opposition to the pending motion to dismiss. There will be no further time extension. If he fails to provide such opposition, the court will construe plaintiff's filing, dated May 8, 2007, as his opposition.

Accordingly, IT IS ORDERED that;

1. Defendants have discharged the show cause order, filed on July 2, 2007;

2. Plaintiff's filings of May 8, 2007, May 31, 2007 and June 1, 2007, are

---

[5] The court also notes that plaintiff has filed no reply to defendants' opposition.

1  construed as a motion for a protective order and, so construed, the motion is denied;

2       3.  Plaintiff is granted one final extension of time of 20 days from the date of this

3  order to file his opposition to the pending motion to dismiss; failure to do so will result in the

4  court's construing his notice, filed on May 8, 2007, as his opposition to the motion; and

5       4.  Plaintiff will be granted no further of extension of time to file his opposition.

6  DATED: 9/24/07

                                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
aver0041.dny