IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE W. AVERY,

    Plaintiff,                    No. CIV S-06-0041 LKK GGH P

    vs.

LT. C. HEINTSCHEL, et al.,        ORDER &

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C § 1983. Pending before the court is defendants' motion to dismiss, filed on March 9, 2007, to which plaintiff has filed his opposition on October 5, 2007.[1]

\\\\\

\\\\\

---

[1] Plaintiff was granted an extension of time to file an opposition by Order, filed on 3/18/07, but continued to complain of being denied access to his legal property and the law library. An order to show cause issued requiring defendants (or, pursuant to the 28 U.S.C. § 1651(a), the CSP-Sac warden or his designee) to show cause for denial of such access, if it was occurring. The show cause order was discharged by Order, filed on 9/24/07, wherein the court also granted plaintiff one further 20-day extension of time to file his opposition. Accompanying plaintiff's opposition was a document entitled "notice of motion and motion for relief from judgment," which inapposite filing will be disregarded.

1

First Amended Complaint

Named as defendants are Correctional Lieutenants C. Heintschel and D. Padilla, and Correctional Officer (C/O) J.S. Stewart, all employed at California State Prison-Sacramento (CSP-Sac).[2] Plaintiff alleges that the defendants conspired to place him illegally in SHU (security housing unit) housing based on "false inmate manufactured confidential information" resulting in a false rule violation which caused him extreme mental and emotional distress. First Amended Complaint (FAC), pp. 1-2.

Plaintiff claims to suffer from serious mental disorders. He alleges that on August 27, 2004, defendant Stewart conducted a search of the cell plaintiff shared with Inmate Hill, CDC # T-33801, based on confidential information. The confidential information indicated that an inmate manufactured weapon would be found in the cell's upper ventilation area, where defendant Stewart did locate such a weapon. Plaintiff had no knowledge of the weapon found in the vent and the crime scene was not secured, or finger prints from the area taken, that would have shown plaintiff was wrongly accused of having concealed a weapon. FAC, pp. 3-4.

Plaintiff contends that defendants Heintschel, Padilla and Stewart conspired to place false charges against him so plaintiff could be subjected to intermediate sanctions, in lieu of a false rule violation and illegal placement in SHU. Plaintiff avers that he was found guilty of possession of an inmate manufactured weapon by defendant C. Heinschel, on September 9, 2004. FAC, p. 4.

Plaintiff was only in the cell where the weapon was found for 21 days, prior to which he had been in the cell next door to it for about a week. Plaintiff was not otherwise acquainted with his cellmate and had no reason to have knowledge of the inconveniently placed contraband; Inmate Hill, the cellmate, claimed responsibility for the weapon and told defendants Heintschel and Padilla that plaintiff had no knowledge of it. Plaintiff contends that two unnamed

---

[2] By Order, filed on 1/12/07, the unnamed "inmate confidential informant" was dismissed as a defendant in this action.

inmates conspired to have plaintiff set up with regard to the finding of the weapon, but that it was Inmate Hill, not plaintiff, who knew one of those inmates. FAC, p. 5.

Defendant Heintschel found plaintiff guilty based only on his personal bias. Defendants' actions resulted in plaintiff being issued a 15-month SHU term for possession of a weapon. Plaintiff claims he has been thereby subjected to cruel and unusual punishment, and has suffered physical pain (which he does not describe), as well as, inter alia, mental anguish, stress, "laceration of feelings," shame, ridicule. In addition, defendants have caused plaintiff's mental health conditions to become exacerbated to the point that permanent psychological damage has been caused because plaintiff has not received proper mental health treatment in SHU. FAC, pp. 5-7. Plaintiff's allegations are for violations of his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks money damages only, which includes punitive damages. FAC, p. 8.

Motion to Dismiss

Defendants move for dismissal pursuant to Fed. R. Civ. 12(b)(6), for failure to state a claim, primarily on the contention that plaintiff's claims are Heck-barred. Motion to Dismiss (MTD), pp. 1-8. See discussion, infra. As to defendants claim that plaintiff has failed to set forth sufficient factual allegations to state a claim as to defendant Padilla, the court need not address this further, as plaintiff has conceded the point, and requests this defendant's dismissal. Opposition, (Opp.), p. 7. The court will find as to defendant Padilla that the parties have stipulated to his dismissal.

*Legal Standard for Motion to Dismiss*

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a

1  legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
2  Procedure § 1216, pp. 235-236 (3d ed. 2004).
3        In considering a motion to dismiss, the court must accept as true the allegations of
4  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.
5  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the
6  motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,
7  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume
8  that general allegations embrace those specific facts that are necessary to support the claim.'"
9  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,
10 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent
11 standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596
12 (1972).
13       The court may consider facts established by exhibits attached to the complaint.
14 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also
15 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
16 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
17 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
18 1986). The court need not accept legal conclusions "cast in the form of factual allegations."
19 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
20       A pro se litigant is entitled to notice of the deficiencies in the complaint and an
21 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
22 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).
23       *Discussion*
24       Defendants aver that plaintiff's claims that defendants conspired to find him
25 guilty of a rule violation, which resulted in a 15-month term in administrative segregation (ad
26 seg), as well as a loss of 365 days behavioral credit, necessarily implicate the prison disciplinary

finding of guilt.  In setting forth their motion, defendants appear to challenge primarily the allegations of the original, and not the amended complaint.  The original complaint was dismissed by this court,[3] with leave to amend, by Order, filed on May 5, 2006.  Plaintiff was therein advised:

> In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:
>
>> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.
>
> Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction

---

[3] The allegations of the original complaint were summarized in the May 5, 2006, Order, at pages 2-3: "Plaintiff alleges that his due process rights were violated when he was found guilty of violating CODE REGS. tit.xv, § 3006(a) at an October 2004 prison disciplinary hearing of being in possession of an inmate manufactured weapon because his cellmate claimed responsibility for the weapon found in the vent and the confidential report on which the defendant Senior Hearing Officer (SHO) relied did not identify plaintiff as having knowledge of the weapon.  Complaint, pp. 5 - 7, Exh. A.  Plaintiff states that he was assessed 360 days of time credits and, after a classification committee program re-assessment, placed in the Security Housing Unit (SHU) for 15 months.  Compl., p. 3.   Plaintiff names as defendants the SHO Correctional Lieutenant C. Heintschel; Corr. Lt. D. Padilla; Warden Scott Kernan; Chief of Inmate Appeals D. Grannis; the Director of the California Department of Corrections and Rehabilitation (CDCR).  He seeks injunctive relief as well as money damages."

    or sentence has been invalidated, expunged or reversed. <u>Id.</u>

    In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by <u>Heck</u>. Plaintiff has not demonstrated that the judgment at the prison disciplinary hearing has been invalidated.

    As to his claims for injunctive relief in the form of restoration of time credits or "reversal" of the RVR and SHU terms and removal of the incident from his central file, plaintiff must pursue any such claims via a petition for writ of habeas corpus. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)...." <u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

<u>See</u>, Order, filed on 5/5/06, pp. 3-4.

    In his first amended complaint, plaintiff makes no reference to the loss of behavioral time credits, instead focusing his allegations on the allegedly illegal 15-month SHU, or ad seg, period of confinement. In his opposition, plaintiff seeks to demonstrate that he could not proceed to invalidate the prison disciplinary decision by way of habeas corpus, attaching as exhibits[4] copies of the Third District Court of Appeals dismissal of plaintiff's appeal from a "nonappealable" order, filed on April 13, 2006, and a letter from same indicating that the court, on April 21, 2006, was returning his "ex parte notice and motion to the court for injunctive relief to stop harrassment," referencing the appropriate state court rule for moving to reinstate an appeal. Opp., Exhibit 1. His Exhibit 2 appears to be plaintiff's copy of a "SHU term assessment worksheet," assessing plaintiff a total SHU term of 1 year and three months (or 15 months) and dated 12/27/2004. Plaintiff's argument appears to be that he could not bring a habeas petition

---

[4] Although use of exhibits attached to plaintiff's declaration in support of his opposition to a Rule 12(b)(6) motion is not particularly appropriate in such a context, the court has reviewed them in an attempt to unravel precisely what is at issue herein.

challenging his SHU confinement because it was less than four months from having expired at the time before plaintiff could have received his response from the California Supreme Court regarding any such petition (had he filed one). Opp, pp. 1-2. With less than four months left on his SHU term, plaintiff could not challenge the prison disciplinary by way of a habeas petition to the state supreme court or in federal court, under 28 U.S.C. § 2254. Opp., pp. 2-8 and plaintiff's declaration. Therefore, he believes that defendants are wrong in contending that he must have his prison disciplinary finding invalidated before he can proceed herein on his claim for money damages and that this court was in error for dismissing his original complaint on the grounds that it appeared to be Heck-barred. Opp., pp. Plaintiff cites Spencer v. Kemna, 523 U.S. 1, 188 S. Ct. 978 (1998), for the proposition that any putative habeas petition to this court would have been inevitably found to be moot under 28 U.S.C. § 2254, but somehow viable within the context of an action under 42 U.S.C. § 1983. In fact, therein the High Court found, inter alia, that whether a habeas petitioner might not be able to pursue a civil rights action for alleged improprieties in a parole revocation unless he could first establish that the revocation was invalid was an insufficient ground to save the petition from a finding of mootness and that a § 1983 damages claim might not be foreclosed, if, for example, the petitioner were to seek damages "'for using the wrong procedures, not for reaching the wrong result,'" [] "and if that procedural defect did not 'necessarily imply the invalidity of' the revocation...." Spencer v. Kemna, 523 U.S. at, 188 S. Ct. at 17 (internal citations omitted). Herein, it does appear that plaintiff seeks to implicate both the procedures and the result, which somewhat muddies the picture.

Application of Heck and its progeny with its exceptions and exceptions to the exceptions is an unpredictable exercise from the standpoint of fully understanding what prison disciplinary actions should be entertained and which should not. Concerned that every prison grievance may not be able to find its way into federal court, the courts have fashioned rules for situation where a person will lose "custody" status for habeas purposes before the dispute can be litigated in federal court. Thus, in Nonnette v. Small, 316 F.3d 877-78 (9th Cir. 2002), a paroled

7

prisoner was permitted to proceed with a § 1983 action to contest a disciplinary sanction despite the fact that his disciplinary conviction had not been overturned. The court reasoned that the concurrence and dissent in Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978 (1998) had modified Heck, limiting it to situations where the prisoner had an opportunity to contest the "conviction" at issue in habeas corpus. However, if the lack of opportunity to participate in a habeas action could be laid at the plaintiff's door, no § 1983 action can be maintained. Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).

Added to the mix above, is the case of Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) which held that a prisoner (apparently whether in or out of disciplinary segregation) could challenge a disciplinary conviction in habeas corpus if a favorable result would be likely to accelerate his parole eligibility. This case must be read in conjunction with Wilkinson v. Dotson, 544 U.S. 74, 80–82 (2005), 125 S.Ct. 1242, 1247-48 (2005), which held that so long as the length of a prison term would not *necessarily* be affected by the outcome of this federal case, a prisoner could proceed pursuant to § 1983. Of course, if the disciplinary conviction, resulting in credit loss to a determinate sentence or a much lesser chance of parole suitability for an indeterminate sentence was found invalid, per se, such a result would necessarily affect the length of the prison term.

In this case, petitioner is out of the custody imposed by the disciplinary action, i.e., although he remains incarcerated, he no longer is in segregation. However, under Bostic, habeas corpus would be available because expungement of this serious conviction would probably hasten his parole in the sense that the conviction and loss of 365 days of credit time would otherwise delay it.[5] Whether or not that prognostication is correct, a determination here

---

[5] Plaintiff does not alleges that he is serving a term of life imprisonment without parole. The court notes that in a prior filing plaintiff averred that credit loss is not an issue in his case because he has no behavior credits as a three-striker sentenced for robbery to a term of 35 years to life. See, plaintiff's 5/8/07, notice, p.5, referenced in Orders, filed on 7/27/07 (pp. 2-3) and on 9/24/07 (p.3). Whether or not plaintiff's assertion is true (and it is not because behavior credits can advance a prisoner's MEPD date), the disciplinary would certainly be exhibit one in any

that the decision maker in the underlying disciplinary conviction was biased, or that the conviction was obtained on the basis of insubstantial evidence, including an assertion that false evidence was manufactured against plaintiff, *would necessarily* require that the disciplinary conviction be found invalid. Plaintiff is not challenging the conditions of disciplinary segregation or the constitutionality of procedures or policies which were applied to his case; he is challenging the outcome of the conviction.

This civil rights action cannot be maintained under the Heck bar.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties having essentially stipulated to the dismissal of defendant Padilla, this defendant is dismissed from this action, and as to this ground for dismissal, defendants' March 9, 2007, motion to dismiss is thereby rendered moot; and

2. Plaintiff's "notice of motion and motion for relief from judgment," filed on October 5, 2007, is disregarded as inapposite.

IT IS RECOMMENDED that defendants' March 9, 2007, motion to dismiss as to defendants Heintschel and Stewart be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

\\\\\

\\\\\

\\\\\

---

denial of plaintiff's parole suitability.

9

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/01/08

/s/ Gregory G. Hollows

---

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
aver0041.mtd